IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**VICKI SMITH,**

              Plaintiff,

v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

              Defendant.

3:11-CV-00584 RE

**OPINION AND ORDER**

**REDDEN**, Judge:

Plaintiff Vicki Smith ("Smith") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Title II benefits. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

///

1 - OPINION AND ORDER

## BACKGROUND

Born in 1961, Smith completed a general equivalency degree, and has worked as a parts delivery worker, an office helper, and a sales attendant/cashier. In October 2008, Smith filed an application for SSI benefits, alleging disability since December 1, 2008. Tr. 56.. Her application was denied initially and upon reconsideration. After a February 2010 hearing, an Administrative Law Judge ("ALJ") found her not disabled. Smith's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Smith had the medically determinable severe impairments of degenerative disc disease of the cervical spine, obesity, bilateral carpal tunnel syndrome, and right knee arthroscopy. Tr. 39

The ALJ found that Smith's impairments did not meet or equal the requirements of a listed impairment. Tr. 41.

The ALJ determined that Smith retained the residual functional capacity to perform a limited range of sedentary work. *Id.*

The ALJ found that Smith was not able to return to her past relevant work but retained the ability to work as an addresser, a semiconductor wafer breaker, or a microfilm document preparer. Tr. 45.

The medical records accurately set out Smith's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Smith contends that the ALJ erred by: (1) failing to find degenerative disc disease of the cervical spine a severe impairment at step two; (2) finding her not fully credible; (3) failing to find that her impairments met or equaled in severity a Listed impairment; and (4) failing to credit lay testimony.

## I. Step Two

At step two, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. *Bowen v. Yuckert,* 482 US 137, 140-41 (1987). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe." According to the regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities." 20 CFR § 404.1521(a). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 CFR § 404.1521(b).

The step two inquiry is a *de minimis* screening device to dispose of groundless claims. *Yuckert,* 482 US at 153-54. An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen,* 841 F2d 303, 306 (9th Cir 1988) (adopting SSR 85-28). A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and cannot be established on the basis of a claimant's symptoms alone. 20 CFR § 404.1508.

The ALJ properly determined that Smith had severe impairments at step two and continued the analysis. Any error in failing to identify other limitations as "severe" at step two is therefore harmless.

## II. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. *See also Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir 1996).

/ / /

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Smolen,* 80 F.3d at 1282.

The ALJ found that Smith's allegations as to the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they are inconsistent with the RFC assessment. Tr. 41. Smith testified that she has lower back and neck pain, that her hips and knees give out and she is at risk for falls. She estimates that she can lift one to two pounds and needs to change positions every five minutes.

A. Objective Medical Evidence

The ALJ noted the September 2008 MRI of Smith's cervical spine, which showed advanced disc degeneration and disc space narrowing at C5-6 and C6-7 with a large disc osteophytes complex at C5-6, mild central canal stenosis at C6-7 and moderate right neural foraminal narrowing. Tr. 39, 367. The ALJ did not cite the MRI findings of a "reversal of the usual cervical lordosis and retrolisthesis of C5 on C6 resulting in marked central canal stenosis," and the spinal cord "is flattened in the AP dimension at the C5-6 level related to spinal stenosis." Tr. 367-68.

Evidence considered by the Appeals Council, but not the ALJ, must be considered by this court to determine whether, in light of the record as a whole, the ALJ's decision was supported

5 - OPINION AND ORDER

by substantial evidence. *Brewes v. Commr of Soc. Sec. Admin.*, ___F.3d___, No. 11-35216 (9th Cir. June 14, 2012). Smith submitted to the Appeals Council an August 2010 letter from Thomas Gritzka, M.D. Tr. 642-43. Dr. Gritzka, a Board Certified Orthopaedic surgeon, reviewed the MRI as well as the rest of the medical record, and opined that Green would be unable to maintain full-time sedentary work. *Id.* Dr. Gritzka stated that Smith's need to lie down is reasonable as "intradiscal pressure is minimized when the spine is unweighted by recumbency." Tr. 643.

The medical evidence indicates that Smith's complaint of neck pain is credible.

B. Daily Living Activities

The ALJ found that Smith's daily activities contradict her allegation of disabling pain and fatigue. The ALJ noted that Smith "is able to do some chores such as dusting, sweeping, and some shopping and she testified that she walks her dogs." Tr. 42. The ALJ cited January 2009 records indicating that she did housework each day. Tr. 453. The ALJ cited June 2009 records in which Smith reports "stretches and toning exercises. Takees [sic] pet for walks." Tr. 490. The ALJ cited July 2009 records in which Smith reports she washed her dogs and it "laid me up for a whole day." Tr. 514. Smith reported visiting friends and family and knitting. Tr. 42, 471-558. This contradicts Smith's testimony of hand pain. The ALJ noted that Smith failed to comply with the recommendation that she seek aquatic exercise. Tr. 43, 515. The ALJ may cite a claimant's activities of daily living, and this court must defer to the ALJ's interpretation of such activities where more than one reasonable interpretation of those activities may arise. *Rollins v. Massinari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's reliance upon Smith's activities of daily living in finding her not fully credible is affirmed.

## III. The Listings

The ALJ must determine whether a claimant's impairment meets or equals an impairment listed in "The Listing of Impairments" ("The Listings"). *See* 20 C.F.R. Part 404, Subpt. P, App. 1. The Listings describe specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful activity." *See* 20 C.F.R. §§ 404.1525(a), 416.925(a). Most of these impairments are "permanent or expected to result in death." *Id.* "For all others, the evidence must show that the impairment has lasted or is expected to last for a continuous period of at least 12 months." *Id.* If a claimant's impairment meets or equals a listed impairment, he or she will be found disabled at step three without further inquiry.

The Listings describe the "symptoms, signs, and laboratory findings" that make up the characteristics of each listed impairment. *See* 20 C.F.R. §§ 404.1525(c), 416.925(c). To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim. *See* 20 C.F.R. §§ 404.1525, 416.925. To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment "most like" the claimant's impairment. *See* 20 C.F.R. §§ 404.1525(a), 416.926(a).

The ALJ stated that he considered Listings numbers 1.02 and 1.04, and found that Smith's conditions did not meet or equal in severity either Listing. Tr. 41. Smith does not contend that her conditions meet or equal Listing 1.02.

Listing 1.04 provides in relevant part:

/ / /

7 - OPINION AND ORDER

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.
>
> With:
>   A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

Dr. Gritzka stated that he had reviewed Listing 1.04, and that Smith's condition is equal to or more severe than the medical severity described in the Listing. Dr. Gritzka wrote "[t]he ALJ inaccurately characterized the objective medical findings when he states 'she has only mild objective findings.' As noted herein, this patient has cervical spinal cord compression accompanied by marked canal narrowing. These findings are not in dispute and under no circumstances would they ever be medically described as 'mild'." *Id.* Finally, Dr. Gritzka stated that the jobs identified by the ALJ require upper extremity use one-third to two-thirds of the workday, and are contraindicated by Smith's central cervical cord compression.

The Commissioner contends that Dr. Gritzka's report is not material because it would not create a reasonable possibility of changing the outcome of this case. I disagree. The Commissioner contends that post-decision opinions by reviewing doctors are notoriously unreliable. This is an interesting argument in light of the fact that the ALJ relied on the opinions of reviewing doctors to find Smith's mental impairments not severe. Tr. 41.

The Commissioner argues that Dr. Gritzka's opinion as to whether Smith's impairments meet or equal a Listing improperly infringes on the ALJ's responsibility. I agree that the ALJ must determine whether Smith's impairments meet or equal in severity the Listing.

## III. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir.

2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ shall evaluate the opinion of Thomas Gritzka, M.D. on remand.

## CONCLUSION

For the above reasons, the Commissioner's decision is reversed and remanded for further proceeding under sentence four of 42 U.S.C. § 405(g) consistent with this opinion.

IT IS SO ORDERED.

Dated this 22nd day of August, 2012.

JAMES A. REDDEN
United States District Judge